UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Lee Kennedy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-4217 |
| | ) | |
| Dora Villareal, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently detained at Rock Island County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he was arrested by the East Moline Police Department and transported to the Rock Island County Jail on

December 19, 2019. Plaintiff alleges that the Rock Island Police Department informed him in response to a Freedom of Information Act (FOIA) request that no reports exist related to his arrest or that release of any records would interfere with ongoing law enforcement proceedings. Plaintiff alleges that the Office of the Illinois Attorney General informed him via letter that he "may file suit for injunctive or declaratory relief" against the government agency that denied his FOIA request. Plaintiff alleges that he should not be in custody.

    Plaintiff does not state a federal claim to the extent that he alleges that state officials failed to properly respond to his FOIA request as any claims arising therefrom are a matter of state law. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."). If Plaintiff is seeking release from custody, his exclusive remedy is a habeas corpus proceeding, not an action for money damages under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prosecutor Plaintiff sued also has absolute immunity from suit. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Plaintiff's lawsuit will be dismissed.

**It is therefore ordered:**

1. **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2. **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3. **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make**

        monthly payments to the Clerk of Court, as directed in the Court's prior order.

4.     Plaintiff's Motion to Request Counsel [5] is denied. Plaintiff did not show that he made a reasonable attempt to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

5.     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

Entered this 17th day of November, 2020.

                s/ Harold A. Baker
                HAROLD A. BAKER
        UNITED STATES DISTRICT JUDGE